ALBANY,
Aug. 1832.

Bank of Au-
burn
v.
Knapp.

---

BANK OF AUBURN *vs.* E. & G. KNAPP.

When a suit against two defendants is intended to be commenced by the filing and service of a declaration, and a copy of the declaration is served upon only one of the defendants, the plaintiff has no right to enter a *nolle prosequi* as to the other, and to amend by converting his declaration into a declaration against the defendant alone who had appeared although the suit be on a *joint* and *several* promissory note.

THE suit in this case was intended to have been commenced by the filing and service of a declaration according to the statute. The plaintiffs declared on a *joint* and *several* promissory note, filed their declaration as against both defendants, and served a copy upon E. Knapp, one of the defendants, who appeared and pleaded to issue. G. Knapp was not served with a copy of the declaration; on the 9th May, the plaintiffs entered a *nolle prosequi,* as to him, and entered a rule for leave to amend the declaration, so that it should purport to be against E. Knapp only, amended accordingly, and served a copy of the declaration on the attorney of E. Knapp, who, on August 9.

ALBANY,
Aug. 1832.

Commission-
ers of High-
ways of War-
wick
v.
Judges, &c. of
Orange.

the 28th May, put in a plea which the plaintiffs' attorneys chose to consider a nullity, and on the 22d June, entered the defendants' default. The defendants moved to set the same aside. THE COURT granted the motion, holding that the *nolle prosequi* as to G. Knapp, was a discontinuance of the original suit; that the plaintiff had no right to amend his declaration by converting it into a declaration against the defendant who had appeared, and that the plea to the amended declaration not having been accepted, but on the contrary having been treated as a nullity, could not be considered as an appearance to the second suit, (if the service of the amended declaration might be treated as the commencement of a new suit,) and consequently that all the proceedings on the part of the plaintiff were irregular and void.